ANNA K. BARNEY, AN INFANT, BY KATHRYN BARNEY, AS HER NEXT FRIEND, RESPONDENT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, APPELLANT.

KATHRYN BARNEY, RESPONDENT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, APPELLANT.

Submitted October 13, 1928—Decided March 7, 1929.

Before Justices Trenchard, Kalisch and Lloyd.

For the appellant, *Collins & Corbin* (*Charles W. Broadhurst*, of counsel).

For the respondents, *Jacob Feinberg* and *David Berman*.

The opinion of the court was delivered by

Trenchard, J. These appeals bring up for review judgments entered in the District Court of the city of Bayonne in favor of the plaintiffs-respondents (hereinafter called the plaintiff), and against the defendant-appellant (hereinafter called the defendant).

In the first action the plaintiff, Anna K. Barney, a minor seventeen years old, sues to recover for personal injuries sus-

tained while a passenger on one of defendant's trains at or near the Journal Square Station, Jersey City. She sustained a fracture of the small bone of the middle and fourth fingers of the right hand, caused by her fingers being squeezed between the jamb and the door of a car in one of defendant's trains, when the conductor operating the train slammed the door. The second action is brought by her mother and seeks to recover for the loss of services and expenses incident to the injuries sustained by her daughter, the mother being a widow.

The cases were tried together by consent and resulted in verdicts in favor of both plaintiffs.

The defendant argues but one point, namely, that the trial court erred in refusing to nonsuit the plaintiff and to direct a verdict for the defendant when thereunto moved, on the ground that there was no evidence of any negligence on the part of the defendant.

The evidence from which negligence is to be inferred, if it is to be inferred, is that given by the plaintiff. That uncontradicted testimony discloses the following matters of fact:

The plaintiff, Anna K. Barney, on the day in question, entered the defendant's station at Journal Square, Jersey City, paid her fare and boarded one of the defendant's trains. She entered one of the cars by a side door near the end of the car. There were no vacant seats. The car, and the vestibule at the front end which she had entered, were crowded with standing passengers, and she was obliged to stand. She stood with her back against the front end of the car alongside of the open intercommunicating door through which persons pass from one car to another. When the train started she lost her balance and grabbed the jamb of the open intercommunicating door. "Just then" the conductor came through that doorway from the car ahead and "slammed" the door on plaintiff's fingers, inflicting the injury for which suit was brought.

Now, the rule is that when a passenger in the charge of a common carrier shows that he was injured through some defect in the appliances of the carrier, or through some act or omission of the carrier's servant, which might have been prevented by a high degree of care, then the jury have the right to infer negligence attributable to the carrier, unless the car-

rier proves that due care was exercised. *Whalen* v. *Consolidated Traction Co.,* 61 *N. J. L.* 606; *McPherson* v. *Hudson, &c., Railroad Co.,* 101 *Id.* 410.

In the case at bar the evidence, which we have recited in effect, was uncontradicted. No affirmative testimony was produced by the defendant tending to show that the slightest degree of care was used by the servant (conductor) of the defendant corporation. The defendant failed even to produce the conductor who perchance might have been able to give some testimony to show due care on his part in the operation of the train.

We think that the uncontradicted testimony of the plaintiff tended to show that she was injured through an act of the defendant's servant which might have been prevented by due care, and hence the jury had the right to infer negligence, since the defendant failed to prove that due care was exercised.

The defendant argues that the evidence of the plaintiff "shows the losing of her balance and placing of her fingers on the jamb of the door occurred at the same instant the guard (conductor) came into the car and closed the door." No doubt these several incidents followed one another "quickly" or "almost simultaneously," as the plaintiff admitted on cross-examination, but it does not follow conclusively that they occurred at the "same instant." On the contrary it is apparent that they did not. The question remains whether the evidence justifies the inference that the act of the conductor which resulted in the injury might have been prevented by due care on his part. We think that it did. The care due from a common carrier and its servants toward passengers in their charge is a high degree of care to protect them from danger that foresight can anticipate. *Whalen* v. *Consolidated Traction Co., supra; Hansen* v. *North Jersey Street Railway Co.,* 64 *N. J. L.* 686. By foresight is meant not foreknowledge absolute, nor that exactly such an accident as has happened was expected or apprehended, but rather that the characteristics of the accident are such that it can be classified among events that, without due care, are likely to occur, and that due care would prevent. The crowding of a railroad

car, and especially of those parts of it that are used for entrance and exit, is attended with a liability to danger that the carrier should anticipate and employ care to avert. *Hansen* v. *North Jersey Street Railway Co., supra.* Bearing in mind these principles, and all the circumstances, including the fact that the plaintiff was standing on the crowded platform alongside of the jamb of the door, that she had lost her balance with apparently no means of support except the door jamb, all of which was within the range of the conductor's vision when he slammed the door, it seems not irrational for a jury to infer, in the absence of any explanation on his part, that he knew, or in the exercise of due care should have known of the liability of the plaintiff to injury from his act and that he did not employ due care to avert that danger. See, also, cases collected in note in 18 *Am. & Eng. Ann. Cas.* 1164.

The motions to nonsuit and direct a verdict were therefore properly denied, and the judgment will be affirmed, with costs.