CARLETON W. AGRY, APPELLANT, v. PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, RESPONDENT.

Submitted October 26, 1929—Decided May 19, 1930.

For the appellant, *Samuel Tartalsky*.

For the respondent, *Wall, Haight, Carey & Harlpence*.

The opinion of the court was delivered by

LLOYD, J. This case was tried in the District Court and the judge sitting without a jury found for the plaintiff. On appeal to the Supreme Court the judgment entered on this finding was reversed, and from the judgment of reversal the plaintiff appeals. The Supreme Court rested its reversal on the ground that no negligence was exhibited by the proofs in the case and that the plaintiff was guilty of contributory negligence.

From the evidence it might be determined that plaintiff was a passenger in a train of the defendant railroad company, and that as the train approached the station at Linden, New Jersey, the brakeman opened the door of the vestibule car in which the plaintiff was riding and announced the station. The plaintiff arose from his seat and went to the forward part of the car intending to alight, and, to steady himself while passing through the door to the platform of the car, he placed his hand on the jamb of the door. As he did so the door closed, injuring his fingers.

It appeared that the car was equipped with a fastener to hold the door in place when opened. In the slowing down of the train as it approached the station its retarded motion would cause the door, unless securely fastened, to close. The fact that the door did close under this impetus after the train-

man had opened it and that it caught the plaintiff's hand was persuasive proof that the fastener was not adequate to hold the door against this momentum or that the door was not securely fastened to the latch by the brakeman, or possibly that the slowing down of the train was with such unusual force that the catch was not intended to withstand it; in any of which cases negligence could be inferred.

As a common carrier the defendant company owed the duty of exercising a high degree of care to its passengers with respect to the efficiency of the means of transportation and the conduct of the employes in charge of the train. Under the proofs as established the plaintiff was entitled to have the question of the performance of this duty submitted to the jury. Whether the plaintiff in placing his hand upon the jamb of the door was in the exercise of reasonable care on his part was also a question for the jury. If the latch was in proper condition and the door had been securely latched by the brakeman, as the plaintiff would have the right to assume was the case, no danger from the normal movements of the train would likely attach to taking hold of the jamb of the door.

The judgment of the Supreme Court is reversed and the judgment of the District Court is affirmed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CAMPBELL, LLOYD, CASE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.