By the Court
 

 (Kinkade, J.).
 

 The parties will be referred to as they appeared in the trial court. The action in that court was brought to recover damages for personal injuries resulting from negligence.
 

 • The plaintiff, Maria Barragate, alleged in her petition that it was the duty of the defendant to so regulate and control the conduct of persons about to enter the street cars of the defendant as passengers, and particularly large crowds of persons, as to reasonably
 
 *191
 
 safeguard the individuals comprising such crowds from physical injuries resulting from crowding, and that the defendant was guilty of negligence in omitting to perform this duty.
 

 The injury occurred in the crowded business section of the city of Cleveland, and during the rush period of the day, when many thousands were hurrying homeward. The street car upon which the injury occurred stopped at a regular and usual stopping place on the street to receive passengers. A large number of persons had already congregated at that point, intending to board the car on its arrival. After the car had stopped, the car door was opened for passengers, and the rush followed at once. The plaintiff was one of the crowd seeking to get aboard the car. When she got both feet on the first step of the car, the crowding forward of other persons behind her, who were likewise seeking to enter the car as passengers, caused her to fall to the front platform of the car, and thereby inflicted serious injuries upon her.
 

 Crowds suph as described were the usual and everyday occurrence during the rush period, and had been for a long period of time prior to the date of this accident. The crowds mentioned were not boisterous or vicious in any respect, and never had been. They were simply in a good-natured hurry to get home and to make sure of a seat in the car, if possible.
 

 The plaintiff in her petition charged the street railway company with negligence in failing to properly regulate the conduct of the crowd, who were not yet in the car, but were trying to get in.
 

 The opening statement of plaintiff’s counsel to the jury very fully and very completely outlined the plaintiff’s case as stated in her petition, and the opening statement presented the whole issue with precision and clarity.
 

 Counsel for the defendant thereupon moved the court for judgment in favor of the defendant on the opening
 
 *192
 
 statement of counsel. That motion was granted. The Court of Appeals on error reversed the judgment of the trial court. The defendant prosecutes error here.
 

 Every principle embraced in this case was presented to this court and decided in a case twice heard in this court.
 
 Youngstown & Suburban Railway Co.
 
 v.
 
 Faulk,
 
 114 Ohio St., 572, 151 N. E., 747, and
 
 Id.,
 
 118 Ohio St., 480, 161 N. E., 530. True, the facts were somewhat different from the instant case, but the real issues in the case were precisely the same. The negligence that was the proximate and sole cause of the injury to the plaintiff was the negligence of other parties, in no wise attributable to the defendant.
 

 On the authority of the cases cited, the judgment of the Court of Appeals must be reversed, and that of the common pleas affirmed.
 

 Judgment of the Court of Appeals reversed and that of the common pleas affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Stephenson, JJ., concur.