## FARRELL v LOEW'S OHIO THEATRES

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16162.   Decided Dec 1, 1937

C. N. Krieg, Cleveland, and M. E. Eckstein, Cleveland, for plaintiff-appellee.

Duncan, Kennedy & Thomas, Cleveland, for defendant-appellant.

GUERNSEY, PJ, CROW and KLINGER, JJ, (3rd Dist) sitting by designation

### OPINION

By THE COURT

It is declared in Restatement of the Law of Torts, Volume 2, §348, page 953:

"A public utility or other possessor of land who holds it out to the public for entry for his business purposes, is subject to liability to members of the public while upon the lands for such a purpose for bodily harm caused to them by the accidental, negligent or intentional harmful acts of third persons or animals if the possessor by the exercise of reasonable care could have

"(a)   discovered that such acts were being done or were about to be done, and

"(b)   protected the members of the public by

"(1)   controlling the conduct of the third persons, or

"(2)   giving a warning adequate to enable them to avoid the harm without relin-

quishing any of the services which they are entitled to receive from a public utility."

However, the two examples given in support of the rule relate to common carriers of passengers.

It is well settled general rule that the proprietor of a place of amusement is not an insurer of the safety of his patrons, nor is his undertaking so similar to that of a common carrier of passengers as to call for the application of the same rule of responsibility. He is bound to exercise only the degree of care that would be expected of an ordinary careful and prudent person in his position.

25 R.C.L. 714.

The rule as set forth in the Restatement as applied to proprietors of places of amusement must therefore be considered in the light of the degree of care required to be exercised by them.

It has been uniformly held that proprietors of places of business are not liable to their invitees for injuries incurred by them through the conduct of other invitees or third persons unless the defective condition of the premises or the wrongful acts of the proprietor, his servants or agents contributed to such injuries.

Rincon v Berg Co. (Texas Civil Appeals), 60 SW Second 811 (1933).

Snyder v Sawlen, 317 Pa. 531, 177 Atl. 789 (1935).

Woolworth v Convoy, 170 Fed. 934, 936, 95 C. C. A. 404, 23 L.R.A. (n.s.) 743;

Lord v Sherer Dry Goods Co., 205 Mass. 1, 90 NE 1153, 27 L.R.A. (n.s.) 232.

In the case at bar, the proprietor Theater Company could not be held to reasonably foresee that its invitees would misconduct themselves by crowding and breaking through the doors of the theater in such a manner as to injure one or more of themselves, and consequently was not negligent in failing to guard and protect any of them against such misconduct.

Woolworth Co. v Convoy.

Lord v Sherer Dry Goods Co., supra.

As there is no evidence tending to prove negligence on the part of defendant theater company its motion for a directed verdict in its favor and for judgment notwithstanding the verdict should have been granted by the trial court and this court rendering the judgment, the trial court should have rendered will reverse the judgment on said motions and render final judgment in favor of defendant-appellant on said motions at costs of plaintiff-appellee.

CROW, J, concurs.

KLINGER, J.

I concur in the judgment but I premise my conclusion on the law as laid down by the Supreme Court of Ohio in Youngstown & Suburban Ry. Co. v Faulk, 114 Oh St 572; Youngstown & Suburban Ry. Co. v Faulk, 118 Oh St 480 and Cleveland Railway Co. v Barragate, 125 Oh St 190.