**ZIMO v LEXINGTON THEATRE CO**

Municipal Court of Cleveland

Decided Jan 6, 1939

Robert Kaplan, Cleveland, for plaintiff.
Miller, Davis & Folk, Cleveland, Otto W. Schutz, Cleveland, for defendant.

## OPINION

By DRUCKER, J.

On the evening of August 18, 1938, the plaintiff, accompanied by her husband, purchased tickets and entered the defendants' moving picture theatre. The theatre was crowded and no seats were available. Plaintiff and her husband were requested by the usher in charge to go to the left side of the theatre in the rear, designating a spot or a place near the exit door. Plaintiff testified that she was standing right against the wall, and it was adduced that she was wedged in by the crowd against. the exit door, so that when it was closed by the person whom she thought was the same one who ushered her to the place where she was then standing, her finger was caught in the door jamb and was crushed and injured.

It is contended on behalf of the defendant that the evidence indicating the position of the plaintiff's finger in a door jam necessitates that the court, as a matter of law, find the plaintiff guilty of contributory negligence.

It has been held that where a passenger is seated in an automobile and the door is closed upon his finger the passenger might be held to be guilty of contributory negligence as a matter of law, because one should realize the danger in placing a finger in such a perilous position. Camp v Spring, 241 Mich. 700, 217 NW 917 (1928). That case held that there was no duty on the part of the person closing the door to anticipate such an unusual occurrence, and consequently refused to rule upon the question of contributory negligence of the passenger.

Yowitz v Novak, (Mo.) 286 SW 66. But if the passenger, while getting into the car, placed his hand upon the door jamb to gain his balance and the door was then closed upon him, the contention that the passenger is guilty of contributory negligence, as a matter of law, under such circumstances is clearly without merit.

In Agry v Penna. Ry. Co., 106 N. J. L. 476, 150 A. 401 (1930) it was held that the question of contributory negligence was one for the jury where plaintiff, a passenger on defendant's train, placed his hand on the door jamb of the vestibule car to steady himself as the train slowed down approaching the station.

In Barney v Hudson & M. R. Co., 105 N. J. L. 274, 145 Atl. 5, wherein plaintiff, a passenger on a train grabbed the door jamb as the train started, and the conductor came through immediately thereafter and closed the door, defendant's motion for a directed verdict was denied. Hence in the present case, there is ample evidence to sustain the finding that plaintiff was not guilty of contributory negligence as a matter of law in placing her hand upon the door jamb, considering the crowded conditions of the theatre and the circumstance of being wedged against the door.

There may have been some contradictory evidence as to the identification of the usher who closed the door and some evidence was introduced which, without substantially changing the claim, warranted the court, under the authority of §11363, GC, to amend the pleading so that it would conform to the facts proved, the court taking the view that even the identification of the usher did not determine the liability of the defendant. Its liability might well be based upon its negligence in permitting the dangerously crowded condition in the theatre, which condition, as shown by the testimony, was the direct, proximate cause of the closing of the door. The owner of a theatre must exercise ordinary care to render the premises reasonably safe for the invitees.

**Cincinnati Baseball Club Co. v Eno, 112 Oh St 175; 147 NE 86 (1925);The Lake Brady Co. v Krutel, 123 Oh St 570 (1931; In Painesville Theatre Co. v Lautermilch, 118 Oh St 167 (1928)** where plaintiff sought to recover for injuries received in falling down stairs in defendant's theatre, the court held "the relationship between the plaintiff and the defendant on the occasion of the injury was that of invitee and owner. The defendant therefore owed to the plaintiff the duty to have its premises in a reasonably safe condition and to warn the plaintiff of latent and concealed perils of which it knew."

There is a duty of the part of the defendants to exercise reasonable care in preventing such a crowd to accumulate in the back of the theatre so that the patrons near the walls are wedged in, and are forced against guard rails or exit doors which

may be opened and closed during the performance.

In Myers v K. C. Orpneum Co., 228 Mo. App., 840, 73 SW (2nd) 313 (1914) plaintiff entered defendant theatre and while waiting for a seat, she was standing next to a plush rope stretched across the lobby to keep the crowd back. The pressure of the crowd was so great that it forced the plaintiff violently against the rope, as a result of which she suffered a miscarriage. The court affirmed a verdict by the jury in favor of plaintiff. In Mears v Kelley Amus-U-Theatre, 12 O.O. 142 (1938) where plaintiff sought to recover for injuries sustained by reason of the crowding in the lobby of defendant's theatre, the court sustained a denial of a motion by defendants for a directed verdict. The court stated:

"In this day and age when managers and proprietors of places of amusement, and other places, invite the public and thereby cause great crowds of people to be amassed together, it would be violative of the common rules of humanity to say that no duty was imposed upon those proprietors and managers who bring these crowds together for their profit, to exercise ordinary care to protect and guard these people from the 'crowd spirit' which always prevails, and since they owe such duty, it clearly becomes a jury question under a proper charge of the court, as to whether the proximate cause of an injury to a person did or did not arise through a breach of duty."

Nor is this court bound to follow Farrell v Loew's Ohio Theatres, 25 Abs 679, because in that case it does not appear that there was an unusually large and perilous crowd in the lobby, as appears in the present case. The decisions in Youngstown & Suburban Ry. Co. v Faulk, 114 Oh St 572, 118 Oh St 48, The Cleveland Railway Co. v Barrogate, 125 Oh St 190, do not control this case for in those situations the crowd was not in the control of the defendant company. Concededly the defendants in this case would not be liable for an injury occurring to patrons who are lined up on the sidewalk in front of the theatre for several hundred feet beyond the entrance. Such a circumstance would be comparable to the street car cases wherein the one who creates the crowd is not held liable for injuries resulting therefrom because the dangerous condition is not on his premises nor within his control. Hence it would be wholly unreasonable to impose a duty to protect prospective patrons from injuries

from a crowd over which it would be extremely impractical to assume control.

In the present case the defendant had it within its power to regulate the size of the crowd even to the point of limiting the invitees to any desired number. There was evidence that there were sufficient number of ushers and it seems to the court that the ushers on duty were in a position where they were enabled to watch and observe the crowd and that it was their obligation and duty to prevent the crowd from becoming so large as to constitute a potentially dangerous force to those patrons who, as they purchased their tickets, had a right to assume that the theatre would provide for them a safe place in which to watch the performance and to wait for available seats. The defendant was negligent in failing to use ordinary care to provide for its invitees a suitable place for waiting, free from danger, and for these reasons the theatre must be held liable for all injuries resulting from the dangerously crowded condition of its premises which necessitated the placing of the hand of the plaintiff on the door jamb where it was injured by the closing of a door.

Judgment for the plaintiff in the sum of $350.00.