**HERSCH, Plaintiff, v. ANDERSON ACRES, INC., Defendant.**

Common Pleas Court, Erie County.

No. 30475.   Decided November 4, 1957.

Charles S. Fox, Huron, for plaintiff.
Flynn, Py & Kruse, Sandusky, for defendant.

## OPINION

By McCRYSTAL, J.

The plaintiff in her petition alleges that the defendant for many years was the owner and operator of a lakefront acreage and beach and that the defendant rented cottages, trailer and tent space to the public for vacationing, camping, picnicking, etc.  Plaintiff further alleges that she rented trailer space during June 1955 and that unknown to her, growths of poison oak and ivy were being allowed by the defendant to exist on the premises and that as a result of such noxious weeds being allowed to exist by the defendant, the plaintiff sustained a severe case of infection with said poisoning about her body and head which resulted in her being incapacitated from her work and caused her to incur medical bills.  Plaintiff claims that the defendant was negligent in not removing said poison weeds and careless in allowing them to exist and in not destroying them and that said negligence was the proximate cause of the plaintiff's injuries.

The defendant filed an answer and denied the essential parts of the plaintiff's petition relating to any negligence on its part in not removing or eradicating the poison ivy.

The case was called for trial and the defendant filed a motion for judgment on the pleadings. The defendant's position is that the petition does not state a cause of action in that there was no duty on the defendant to remove the poison ivy or to warn the plaintiff of its existence on the premises.

The court and counsel have made a diligent search of the authorities and were unable to find any cases dealing with the liability of a landlord to his tenant arising out of the existence of poisonous or noxious weeds upon the leased premises. The general rule appears to be that a landlord is not responsible to the tenant for injuries to person or property caused by defects in the demised premises where the landlord has not made any warranty or contract as to the condition of the demised premises or as to the repair of defects. 32 Am. Jur. 526. See also Am. Law Institute, Restatement, Torts, Vol. 2, Sec. 355 and 356. This general rule appears to apply to cases of sickness due to unsanitary condition of the premises. LRA 1917A 994.

It is the opinion of this court that the owner and operator of a camp site or of a resort where cottages and trailer spaces are rented is under no common law duty to warn the tenant of the existence of poison ivy, poison oak or other noxious weeds on the premises and further he is under no duty to remove said weeds from the premises when they grow and exist there. The owner or operator of camping areas are not obligated to maintain their camp sites in the same manner as a municipal park system is maintained. The city dweller who chooses to spend his vacation in the great outdoors must in addition to accepting the fresh air and lake breezes assume the risks of the natural hazards of the outdoors such as flies, mosquitoes, snakes, poison ivy and other natural conditions not found in the urban communities.

Defendant's motion for judgment on the pleadings is sustained. Exceptions saved to the plaintiff.