(164 App. Div. 99)

PLATT v. ERIE COUNTY AGRICULTURAL SOCIETY.   (No. 484/88.)

(Supreme Court, Appellate Division, Fourth Department. October 22, 1914.)

1. AGRICULTURE (§ 4*)—AGRICULTURAL SOCIETIES—NEGLIGENCE—INJURIES TO
   LICENSEES.

   In an action for injuries to a child, who, while attending a fair, was struck by the wing of an aeroplane as it was alighting after an exhibition, evidence *held* sufficient to warrant the jury in finding that the fair association did not exercise due care in keeping the crowd back from the landing place, considering the known danger.

   [Ed. Note.—For other cases, see Agriculture, Cent. Dig. §§ 1, 4–9; Dec. Dig. § 4.*]

2. EVIDENCE (§ 5*)—JUDICIAL NOTICE—MATTERS OF COMMON KNOWLEDGE.

   A court may take judicial notice of the general characteristics of an aeroplane.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 4; Dec. Dig. § 5.*]

3. MASTER AND SERVANT (§ 322*)—NEGLIGENCE OF INDEPENDENT CONTRACTOR
   —AGRICULTURAL SOCIETIES—LIABILITY FOR NEGLIGENCE.

   The fact that an aviator, who was giving exhibitions at a fair, was an independent contractor, and was negligent in handling his machine, does not relieve the fair association from liability, if it also was negligent in not keeping the crowd back from the landing place.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1263; Dec. Dig. § 322.*]

Appeal from Trial Term, Erie County.

Action by Ruth M. Platt, by her guardian ad litem, against the Erie County Agricultural Society. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Eugene M. Bartlett, of Buffalo, for appellant.
W. H. Ticknor, of Buffalo, for respondent.

LAMBERT, J. On the 8th day of September, 1911, the plaintiff, an infant of six years, in company with her mother, was in attendance at an agricultural fair then being held by defendant in the town of Hamburg, Erie county, N. Y. The defendant had procured, among its attractions at such fair, the attendance of an aviator, one Schreiber, with an aeroplane. For the convenience of such aviator in alighting and leaving the ground, the defendant had plowed, scraped, and rolled a portion of its grounds, measuring about 200 feet by 500 feet, and commonly referred to as "the court." Upon the day in question, after Schreiber had left the ground and given one of his exhibitions, he attempted to return with the aeroplane to alight within the court. Plaintiff and her mother were close to the court, but outside thereof. As the machine struck the ground, it was in forward motion, and, following the impact with the ground, it progressed rapidly along same, bouncing up and down, and finally swerved from its course, so that one side of the plane, or so-called wing of the machine, extended outside "the court," and into the crowd, injuring sev-

eral persons, and among them the plaintiff.   This action is brought to recover the damages thus sustained by the plaintiff, and it is attempted to be founded in negligence.

[1] The defendant is a corporation and annually conducts an agricultural fair.   Admissions are charged to such exhibitions and various attractions provided as an inducement to the public to attend.   These fairs are largely attended and upon the day in question there were several thousands of people upon the grounds.   The case was submitted to the jury upon the single issue of the care of the defendant in protecting patrons of the exhibition.   It appears that at the time of the making of the contract for the exhibition the defendant's officers inquired as to the requirements of this court, and its size, and that when same was constructed it was made even larger than was directed by the aviator.   It also appears that a row of low benches was placed along one side of the court, which served in a measure to keep the people back.   Various police officials were also present aiding in that effort.

The most sharply contested issue is the negligence of the defendant.   We think it must be conceded that, inasmuch as the defendant had brought this concourse of people together for purposes of gain to itself, it owed an active duty to such persons of guarding them from injury by such means and measures as reasonable prudence and foresight would suggest.   This, as it seems clear to us, must be the measure of the duty imposed by law upon the defendant. As to defendant's negligence, we are then left to inquire only as to the sufficiency of the proof to disclose a situation which, in the exercise of ordinary and reasonable prudence would have suggested the danger of this and similar accidents.   In this connection, the character of the aeroplane, its weight and general features of construction, become more or less important.   The record is practically silent as to all such features.

[2] Although aeroplanes are of comparatively recent invention, yet we think their use has now become so general that the term "aeroplane" may now be taken to have a specific meaning and to describe a general type of machine, with substantially as much definiteness as does the term "automobile."   We may therefore take judicial notice of the general characteristics of this machine. From common knowledge, supplemented by the meager evidence in that particular, we have no difficulty in understanding that an aeroplane, and this one in particular, had, among its general characteristics, the following:

When resting upon the ground, it was supported upon wheels.   It also had large planes or wings extending several feet in length.   It is also well understood that in descending to the earth aeroplanes do not make such descent in a perpendicular line, but approach the earth at an angle.   Upon striking the ground, the forward motion imparted by the descent necessarily carries these machines along the ground with a more or less rapid motion, and such seems to have been the occurrence upon this occasion.   The checking of the machine after it reaches the ground rests wholly with the judgment, care, and skill of the operator.   It is apparent that errors in his judgment or lack of

care would result either in the failure to check the machine before it got off the court, or to guide it in a straight line to keep it in the confines of the alighting place.

All such features are apparent and readily foreseen. These flights had continued for several days. From the evidence, it is fair to be deduced that the attraction was proving popular. The crowd massed about this court and close to it. The record indicates that the ascent of the aviator upon each occasion was followed by a crowding and rushing toward the court, and even into it. Such conduct on the part of a crowd of people is not unusual, when their attention is attracted by curiosity and a desire to observe. This tendency the defendant had knowledge of, as have all who have ever been present in a crowd of people, each striving to obtain a point of vantage for sight-seeing.

The dangers attendant upon a swerving of this machine in its landings are most apparent. With these large planes or wings, so called, extending at right angles with the course of the machine, the approach of the wheels to either margin of the court necessarily involved the extension of the wings into the crowd. And this, coupled with the forward motion of the plane, involved destruction and injury, of course. This danger was aggravated by the tendency of the crowd to surge forward, and all these attendant dangers should, and must, have been apparent to the defendant. Common prudence suggests them. The swerving of the machine might arise from failure of the mechanism of the aeroplane, or from errors in judgment and lack of skill on the part of its operator. Regardless of what might cause the machine to swerve from its course, we think the defendant was bound to foresee the dangers of such a result.

The situation produced was created by the defendant. It was upon defendant's invitation that the crowd was assembled and this exhibition staged. In evident realization of a duty upon its part to safeguard these people, the defendant did provide some policing. The merest description of these efforts, however, indicates their insufficiency, as the jury could and did find. We are satisfied that a question of fact for the determination of the jury was presented by the proof of the occurrences alone. From such evidence the jury might well say that the defendant had failed in its duty to these people and to the plaintiff, in that common prudence should have suggested some effective method of holding this crowd back, away from the court, so that the projecting wings of the machine could not come in contact with them.

The evidence discloses knowledge upon the part of the officials of the defendant that danger was to be anticipated in connection with the alighting of the aeroplane. It appears without dispute that they were informed through inquiry and observation that in making the landing it was impossible to control the movements of the plane until after the machine had acquired a somewhat stable motion upon the ground. With this evidence in the record, there can be no doubt but that the jury was called upon to determine whether the defendant had fully met its obligations by its ineffective efforts to safeguard these people. The conclusion of the jury, supported as it is by the testimony, that

the failure of the defendant to perform a plain duty of safeguarding the plaintiff, constituted in legal requirement a sufficient premise for the charge of negligence in this case, cannot be doubted, as it seems to us.

The obligation of those who collect numbers of people in one place, for gain and profit, to be vigilant in their efforts to protect such people, has long been recognized. It was the subject of discussion by this court in Reschke v. Syracuse, Lake Shore & Northern Railroad Co., 155 App. Div. 48, 139 N. Y. Supp. 555. Neither are we able to distinguish in principle the case of Arnold v. State of New York, 163 App. Div. 253, 148 N. Y. Supp. 479, from the case at bar.

[3] It is claimed by the defendant that the aviator, Mr. Schreiber, stands in the light of an independent contractor, and that the accident must have resulted from his negligence, so that the defendant would be relieved. In this connection we call attention to the following quotation from Arnold v. State of New York, supra:

"Even if Mr. Benjamin was not the agent of the commission, as claimed by the plaintiffs, but was an independent contractor, as claimed by the state, it would not change the result, for it was an independent and actionable act of negligence to permit such a race to be held on such a track owned by the state without reasonable precautions to protect those who had been invited by the state to witness the exhibition and had paid the state for the privilege. Deming v. Terminal Railway of Buffalo, 169 N. Y. 1 [61 N. E. 983, 88 Am. St. Rep. 521]."

The issue of contributory negligence presents no serious complication, nor do we find in the other points urged by the appellant any reason justifying the reversal of the judgment appealed from. They have been examined and considered in their legal consequence. The finding of the jury should not be disturbed. The judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.