JOHN TANTILLO, an Infant, by FRANK TANTILLO, His
Guardian ad Litem, Respondent, *v.* GOLDSTEIN
BROTHERS AMUSEMENT COMPANY, Appellant.

**Negligence — theatres — boy who is returned admission fee
to theatre upon his agreeing to take part in act possesses same
rights as ordinary patron — management bound to protect
him from dangers inherent in act — not relieved from liability
by fact that act was being performed by hired troupe.**

1. A boy who having paid for admission into a theatre is, by order
of the manager, returned his admission fee upon his agreeing to go
upon the stage and take part in a vaudeville act then n progress,
cannot fairly be regarded as possessing rights lesser in degree than
those of an ordinary patron. The theatre management is bound to
protect him from dangers inherent in the act, and where he is injured
in the course of its performance by reason of such a danger it is liable.

2. Nor is the theatre relieved from liability by the fact that the
act was being performed by a hired troupe. If its responsible agent
allowed the performance on its stage of an act inherently dangerous
and passively consented to participation in it by its invitees, it is liable.

*Tantillo* v. *Goldstein Brothers Amusement Co.*, 220 App. Div. 745,
affirmed.

(Argued May 3, 1928; decided May 29, 1928.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the fourth judicial department,
entered April 6, 1927, affirming a judgment in favor of
plaintiff entered upon a verdict.

*Earle C. Bastow* for appellant. The trial court erred
in submitting the case to the jury upon the theory that
the facts brought the case at bar within the exceptions
to the general rule that the master is not liable for the
acts of an independent contractor. (*Kings* v. *N. Y. C.
R. R. Co.*, 66 N. Y. 182; *Berg* v. *Parsons*, 156 N. Y. 109;
*Herman* v. *City of Buffalo*, 214 N. Y. 316; *Deyo* v. *Kingston
Consolidated R. R. Co.*, 94 App. Div. 578; *Engel* v.
*Eureka Club*, 137 N. Y. 100; *Hyman* v. *Barrett*, 224 N. Y.
436; *Paquet* v. *Pictorial Review Corp.*, 130 Misc. Rep. 389.)

Plaintiff failed to show negligence on the part of the defendant.   (*Pollett* v. *Long*, 56 N. Y. 200; *Ragone* v. *State of New York*, 123 Misc. Rep. 51; 211 App. Div. 573; *Paul* v. *Consolidated Fireworks Co.*, 212 N. Y. 117; *Mane* v. *Erie R. R. Co.*, 198 N. Y. 221; *Pyne* v. *Cazenovia Canning Co.*, 220 N. Y. 126; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434; *Leeds* v. *N. Y. Tel. Co.*, 178 N. Y. 118.)

*Willard R. Pratt* for respondent.   The trial court properly submitted to the jury the question of independent and actionable negligence on the part of the defendant.   (*Platt* v. *Erie Co. Agricultural Soc.*, 149 N. Y. Supp. 520; *Bellinger* v. *Broadhead*, 102 N. Y. Supp. 381; *Cleveland* v. *N. J. Steamboat Co.*, 125 N. Y. Supp. 299; *Donnelly* v. *City of Rochester*, 166 N. Y. 315; *Roper* v. *Ulster County Agricultural Soc.*, 120 N. Y. Supp. 644; *Fox* v. *Buffalo Park*, 21 App. Div. 321.)

O'BRIEN, J.   This case was tried upon the theory of negligence.   In it is involved a principle important to proprietors and operators of theatres to which the general public is invited.

Plaintiff, fourteen years of age, accompanied by two other boys, visited defendant's theatre at Utica and bought tickets for admission.   Before entering the auditorium, they were accosted by a man unidentified either as an employee of the theatre or of the troupe then performing. At his suggestion the three boys returned their tickets, had their money refunded, passed the ticket taker without paying and entered the auditorium with the unknown man.   He provided them with seats and later induced them to go upon the stage and to participate in a vaudeville act then in progress.   This act was played by a troupe known as George Brown and Company who had been secured by the theatre management through a booking agency and paid by appellant.   The act was intended to be amusing.   Plaintiff and his two young companions, as well as others among the spectators, were

each encircled by a leather belt to which a rope was attached and then they mounted a machine similar to a treadmill. They trotted on the machine and caused it to move like a treadmill. The faster they trotted, the more rapidly it revolved. While so engaged, some one, either a member of the troupe or an employee of the theatre, would jerk the rope, pull the performer from the machine and cause him to fall upon a mat. This operation was supposed to furnish the comedy and to raise a laugh among the spectators. Brown's part consisted in catching the performer as he was catapulted from the treadmill. While in the act of attempting to catch plaintiff, Brown slipped and, falling, broke plaintiff's arm. He has recovered judgment which has been affirmed against the theatre. Brown also was made a defendant but was never served and did not appear as a party or as a witness.

We think that plaintiff's right to the theatre's protection ought not to be distinguished from that of an ordinary patron. Concededly he did not pay admission, but the circumstances under which payment was waived by the theatre invest him with a status different from that of a guest. The evidence makes clear that he was given free entrance for no purpose other than to promote the interests of the theatre and those of Brown. Both shared in the success added by plaintiff's presence on the stage and his propulsion, intended to be ludicrous, from the treadmill. If the spectators' amusement at this treadmill act were heightened by plaintiff's performance, the theatre's monetary receipts on occasions when the act was to be repeated might be enhanced. The man who procured admission for plaintiff and, for such a consideration, induced him to perform for the theatre's benefit is unidentified. From the evidence, no inference can be drawn that he was employed by the theatre rather than by Brown. It was the theatre, however, and not Brown who admitted him. No free admissions were

allowed by the ticket taker except upon orders by the theatre's manager.

The relation between Brown and the theatre does not distinctly appear. The evidence does not warrant the conclusion that he was an independent contractor. Even if he were proved to be such, the evidence is of a nature to justify submission to the jury of the issue of fact relating to negligence by the theatre. If its responsible agent allowed the performance on its stage of an act which was inherently dangerous and passively consented to participation in it by its invitees, it is liable. While plaintiff was on the stage, the manager of the theatre stood in the rear of the hall and witnessed this act. The jury could find that the act was inherently dangerous, that the operation of the machine in such a manner as violently to propel a human being from it required intense activity and caution by Brown to prevent himself from slipping and falling upon the invitee. Brown's services in catching the performer after propulsion from the machine seem to have been regarded as necessary. Otherwise he would have allowed the performer to fall without assistance. One of defendant's witnesses described the act in these words: " The idea was at the end of the act, Brown would grab the boy and as he took hold of the boy's arm, take him clear of the tread-mill, and that was the laugh, because the boy would fall and fall on the mattress or pad." The act must be viewed as the joint product of Brown and the theatre. One could not have produced it without co-operation by the other. The jury could and did find that it was inherently dangerous.

Patrons of theatres are frequently invited upon the stage to be used as foils for the actors. Sleight of hand performers and acrobats avail themselves of the services of spectators as accessory to their tricks and feats. The management is bound to know whether the character of

19

the act is dangerous.  Patrons are entitled to protection against acts which by their nature might cause a menace to safety.  One who collects a large number of people for gain or profit must be vigilant to protect them. (*Arnold* v. *State*, 163 App. Div. 253; *Platt* v. *Erie County Agricultural Society*, 164 App. Div. 99.)  Plaintiff, having responded to the theatre's advertisement to witness the performance, having originally paid for his admission and having secured the return of his admission fee for the purpose of participating in an entertainment which was gainful to defendant, and having been admitted to the theatre by order of the manager, cannot fairly be regarded as possessing rights lesser in degree than those of a patron. Defendant was bound to protect its patrons from dangers inherent in George Brown's act and it was bound likewise to protect plaintiff.

The judgment should be affirmed, with costs.

Cardozo, Ch. J. Crane, Andrews, Lehman and Kellogg, JJ., concur; Pound, J., not sitting.

Judgment affirmed.