PFEIFER and another, Appellants, vs. STANDARD GATEWAY THEATER, INC., Respondent.

*May 9—June 15, 1951.*

334

For the appellants there was a brief by *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Frank J. Korf.*

For the respondent there was a brief by *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha, and oral argument by *William A. Sheldon.*

GEHL, J. We consider that the testimony presented an issue for the jury. The duty of the defendant theater owner is stated in Restatement, 2 Torts, p. 949, sec. 346:

"A possessor of land is subject to liability to others who are privileged to enter it for a public or private purpose, irrespective of his consent, for bodily harm there caused to them by his failure, after he knows or from facts within his knowledge should know of their presence on the land, to con-

duct his activities thereon with reasonable care for their safety."

The testimony of plaintiff and other witnesses that the boys in the theater had been throwing things about the theater when he entered and while he was in attendance, the dispute in the testimony as to whether such acts had been observed by defendant's employees, and the question whether they had taken reasonable means to protect the other patrons of the theater against the conduct of the boys, were sufficient to make an issue as to whether the defendant had violated the quoted rule.

" 'The obligation of those who collect numbers of people in one place, for gain and profit, to be vigilant in their efforts to protect such people, has long been recognized.' *Platt v. Erie County Agricultural Society,* 164 App. Div. 99, 149 N. Y. S. 520, 523; *Tantillo v. Goldstein Brothers Amusement Co.* 248 N. Y. 286, 290, 162 N. E. 82. . . .

"When one assembles a crowd or a large number of people upon his property for purposes of financial gain to himself he assumes the responsibility of 'using all reasonable care to protect the individuals from injury from causes reasonably to be anticipated.' In the exercise of this duty it is incumbent upon him to furnish a sufficient number of guards or attendants and to take other necessary precautions to control the actions of the crowd; and whether the guards furnished or the precautions taken are sufficient is ordinarily a question for the jury to determine under all the circumstances. *Reschke v. Syracuse, Lake Shore & N. R. Co.* 155 App. Div. 48, 139 N. Y. S. 555, affirmed 211 N. Y. 602, 105 N. E. 1097; *Platt v. Erie County Agricultural Society,* 164 App. Div. 99, 103, 149 N. Y. S. 520." *Schubart v. Hotel Astor, Inc.,* 168 Misc. 431, 5 N. Y. Supp. (2d) 203, affirmed in 255 App. Div. 1012, 22 N. E. (2d) 167. See also *Fortier v. Hibernian Bldg. Asso.* 315 Mass. 446, 53 N. E. (2d) 110.

*Emerson v. Riverview Rink & Ballroom,* 233 Wis. 595, 598, 290 N. W. 129, upon which the court relied, is distinguishable. In that case a patron of a roller-skating rink was injured while standing in an areaway outside the regular

skating area by a couple skating in the outside area. The court denied recovery and said, among other things:

"There is no evidence as to how long or how fast this couple had been skating, and no evidence from which it could be concluded that their manner of skating was such as should have attracted the attention of the guards and resulted in intervention prior to the accident. . . . There is nothing to indicate that they [the couple] were skating at a fast and dangerous pace for a sufficient time or under such circumstances that they should have been discovered and stopped by the guards."

In the instant case there was evidence as to how long the conduct of the boys had continued, that such conduct should have attracted the attention of the attendants if there were attendants present, and that the attendants might, in the exercise of reasonable care, have so controlled the behavior of the boys as to have prevented injury to the other patrons of the theater.

The trial court considered that the fact that plaintiff had not established what hit him and which of the other boys was responsible for his injury was fatal to his claim for recovery. The only direct testimony upon that phase of the case is that of one of the boys who sat in the theater with the plaintiff. Upon cross-examination he testified that after Robert was hit he said: "It was a spitball that hit him."

"The law does not require every fact and circumstance which make up a case of negligence to be proved by direct and positive evidence or by the testimony of eyewitnesses. Proof of the fact of negligence may rest entirely in circumstances; in other words, circumstantial evidence alone may authorize a finding of negligence. Hence, negligence may be inferred from all the facts and attendant circumstances in the case, and where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inference from established facts, a *prima facie* case is made." 38 Am. Jur., Negligence, p. 1032, sec. 333.

There was sufficient testimony to permit the jury to infer that the operating cause of Robert's injury was the conduct of the other boys; that in all reasonable probability the injuries were the proximate result of defendant's negligence.

The trial judge was correct in his determination that the evidence does not bring the case within the provisions of the safe-place statute.

*By the Court.*—Judgment reversed and cause remanded for a new trial.