STAMBERGER and another, Plaintiffs and Appellants, v. MATTHAIDESS and others, Defendants and Appellants: CARTHAGE COLLEGE, Defendant and Respondent.

*October 31—December 22, 1967.*

188

For the plaintiffs-appellants there was a brief by *Frank M. Coyne,* and oral argument by *Robert C. Evans,* both of Madison.

For the defendants-appellants there were briefs by *Charles Cape* of Milwaukee and *Joseph J. Muratore* of Racine, and oral argument by *Mr. Muratore.*

For the defendant-respondent there was a brief by *Foley, Capwell & Foley* of Racine, and oral argument by *Rex Capwell.*

BEILFUSS, J. The issue is: Are the allegations of the complaints sufficient to state a cause of action for negligent breach of a duty by the defendant, Carthage College?

It is conceded, as it must be, that the legal relationship of Carthage College and the plaintiff, Larry Stamberger, and the defendant, Gayle Kruescher, was that of invitor-invitee. The duty owed to an invitee by an invitor has been stated to be as follows:

" 'A possessor of land is subject to liability to others who are privileged to enter it for a public or private purpose, irrespective of his consent, for bodily harm there caused to them by his failure, after he knows or from facts within his knowledge should know of their presence on the land, to conduct his activities thereon *with reasonable* care for their safety.'

" . . .

" ' "The obligation of those who collect numbers of people in one place, for gain and profit, to be vigilant in their efforts to protect such people, has long been recognized." *Platt v. Erie County Agricultural Society,* 164 App. Div. 99, 149 N. Y. S. 520, 523; *Tantillo v. Goldstein Brothers Amusement Co.* 248 N. Y. 286, 290, 162 N. E. 82. . . .

" 'When one assembles a crowd or a large number of people upon his property for purposes of financial gain to himself he assumes the responsibility of "using all reasonable care to protect the individuals from injury from causes reasonably to be anticipated." In the exercise of this duty it is incumbent upon him to furnish a sufficient number of guards or attendants and to take other necessary precautions to control the actions of the crowd; and whether the guards furnished or the precautions taken are sufficient is ordinarily a question for the jury to determine under all the circumstances. *Reschke v. Syracuse, Lake Shore & N. R. Co.* 155 App. Div. 48, 139

N. Y. S. 555, affirmed 211 N. Y. 602, 105 N. E. 1097; *Platt v. Erie County Agricultural Society,* 164 App. Div. 99, 103, 149 N. Y. S. 520.' *Schubart v. Hotel Astor, Inc.,* 168 Misc. 431, 5 N. Y. Supp. (2d) 203, affirmed in 255 App. Div. 1012, 22 N. E. (2d) 167. See also *Fortier v. Hibernian Bldg. Asso.* 315 Mass. 446, 53 N. E. (2d) 110." *Pfeifer v. Standard Gateway Theater, Inc.* (1951), 259 Wis. 333, 335, 336, 48 N. W. 2d 505. (Emphasis supplied.)

"This court has long held that a landowner is liable for injuries to an invitee caused by reason of the unsafe condition of the premises known to the owner and which he negligently suffers to exist and of which the injured invitee has no notice or knowledge." *Schlicht v. Thesing* (1964), 25 Wis. 2d 436, 440, 130 N. W. 2d 763.

". . . where the owner of land invites another expressly or by implication to come upon his land, as by passing over a private way thereon, . . . He owes to such other the positive duty to use ordinary care to maintain such way in a reasonably safe condition for such use by persons in the exercise of ordinary care." *Gorr v. Mittlestaedt* (1897), 96 Wis. 296, 298, 71 N. W. 656.

*"Business Premises Open to Public: Acts of Third Persons or Animals*

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

"(a) discover that such acts are being done or are likely to be done, or

"(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it." Restatement, 2 Torts 2d, pp. 223, 224, sec. 344.

From these citations it is apparent that the invitor, while not an insurer, does owe a duty of ordinary care to an invitee not only as to the physical condition of the premises but also as to the known hazardous conduct of other persons upon the premises.

The complaint against Carthage College, reduced to its simplest terms and giving it the liberal construction it is entitled to upon a challenge by demurrer, alleges that the college provided a road for vehicular traffic; that it permitted two-way traffic; that it knowingly permitted left-hand parking; that left-hand parking constituted a hazard to users of the highway; that it did not promulgate regulations nor post parking restrictions against left-hand parking; and that the plaintiff was injured when Gayle Kruescher negligently started from her left-hand parking position.

It is undisputed that Entrance road is a private road. Consequently, the Wisconsin Motor Vehicle Code does not apply. *Patterson v. Edgerton Sand & Gravel Co.* (1938), 227 Wis. 11, 18, 277 N. W. 636. It is therefore incumbent upon the court to apply the common law without regard to the present statute (sec. 346.54 (1) (a)) prohibiting left-hand parking on two-way streets.[1]

Before the enactment of sec. 346.54 (1) (a), Stats., this court held that it was not negligent for one to park on the left side of a public highway:

"It was claimed by the defendant during the trial and especially during the argument to the jury that the deceased was negligent because he stopped on the left-hand side of the road or because he did not go into a private driveway to examine or make repairs on his engine. Neither claim has any basis in law. A traveler has the right to make reasonable use of the highway for the examination or repairs of his car while traveling, and he is not confined to the right-hand side of the road. He may use the left-hand side if he does not thereby unreasonably interfere with others. *Smoak v. Martin*, 108 S. C. 472, 94 S. E. 869." *Schacht v. Quick* (1922), 178 Wis. 330, 332, 190 N. W. 87.

---

[1] Sec. 346.55 (3), Stats., does *not* require the owners or occupants of private property to regulate parking but such owner or occupant has statutory authority to prohibit or regulate such parking if he so desires.

Consequently, unless the allowance of parking on the left under the circumstances presented a hazardous condition to invitees, the pleadings are insufficient to allege a breach of duty of ordinary care by failure to prohibit the left-hand parking.

The complaint and cross complaint allege that the college was negligent in failing to prohibit left-hand parking. If the existence of a car parked "the wrong way" is hazardous, it would be a hazardous condition of the premises. However, as a matter of law, the mere presence of a car parked "the wrong way" is no more hazardous than the existence or presence of a car parked "the right way."

"The mere circumstance of parking on his left side, because of which the truck faced southward on the east half of the roadway instead of facing northward, as it would have if Teske had parked it there while driving in that direction, cannot in and of itself be considered a cause of the collision." *Guderyon v. Wisconsin Telephone Co.* (1942), 240 Wis. 215, 225, 2 N. W. 2d 242.

We conclude, therefore, that neither the complaint nor the cross complaint state a cause of action against Carthage College upon the ground of permitting an unsafe or hazardous condition of the premises.

Appellants cite several cases involving parking on private premises where the proprietor was held negligent. The cases cited are not analogous. In *Holdshoe v. Whinery* (1966), 8 Ohio App. 2d 305, 222 N. E. 2d 435, a private owner of a picnic ground who provided a parking space on an incline and took no precaution against the force of gravity was held liable when one car rolled down the incline and struck a picnicking customer. *Kolb v. George* (1966), 17 N. Y. 2d 837, 218 N. E. 2d 319, affirming 24 App. Div. 2d 703, 261 N. Y. Supp. 2d 1001, presented a similar fact situation. The owner of a parking lot was held negligent in allowing the parking of cars on an 11 to 12 percent slope. The owner was liable for injuries to a person when a car rolled down the slope after

a child had released the emergency brake. *Marquardt v. Cernocky* (1958), 18 Ill. App. 2d 135, 151 N. E. 2d 109, 67 A. L. R. 2d 956, involved an accident of the same nature. There the plaintiff was seriously injured when struck by an automobile which had rolled down a steep incline on which it had been parked at defendant Cernocky's picnic grounds after an infant had set it in motion. In *Gresser v. Taylor* (1967), 276 Minn. 2d 440, 150 N. W. 2d 869, an auto also parked on an incline started rolling and injured a person.

In these cases the conditions under which the cars were parked were hazardous because the parking facility itself was inherently dangerous. As has been shown, merely because a car is parked facing one way rather than the other does not constitute an inherently dangerous situation.

By virtue of the authority of *Pfeifer v. Standard Gateway Theater, Inc., supra,* and rule of Restatement, 2 Torts 2d, pp. 223, 224, sec. 344, *supra,* an invitor has the additional duty to protect invitees from physical harm caused by negligent or intentional acts of third persons. To legally comply with that duty the invitor must exercise reasonable or ordinary care to "(a) discover that such acts are being done or are likely to be done," or "(b) give a warning adequate to enable the visitors [here invitee] to avoid the harm, or otherwise to protect them against it."

As stated above, the mere presence of a parked car on the left side of the road on private premises did not constitute a hazardous condition of the premises. From the allegations of the complaint, we assume it was the negligence of Gayle Kruescher in moving her vehicle from its parked position into the traveled portion of the roadway so as to confront and collide with the plaintiff that caused the collision and the resulting damage and injury. In order to state a valid cause of action against Carthage College resulting from the assumed negligence of Gayle Kruescher, the complaint and cross complaint would have to allege facts from which it could be concluded that this

type of negligence was occurring or was likely to occur; that Carthage failed to use ordinary care to discover that drivers were negligently subjecting others to an unreasonable risk of harm or were likely to do so; and that Carthage, knowing of these dangerous acts by others, failed to exercise ordinary care to warn the plaintiff of the danger or to take other steps to protect him from it.

Neither the complaint nor the cross complaint state facts which constitute a violation of the duty Carthage owed to the plaintiff as an invitee in the maintenance of its private driveway and, therefore, do not state facts sufficient to constitute a cause of action.

The trial court correctly sustained the demurrers to the complaint and cross complaint.

*By the Court.*—Order affirmed, with leave to plead over pursuant to the order within twenty days after remittitur.