D. Ormonde Ritchie, J.
In an action for a permanent injunction to restrain the defendants from the commission of certain acts to enforce motor vehicle regulations governing the use and parking of motor vehicles on the grounds of the State University of New York at Stony Brook in Suffolk County, New York, the plaintiff Thomas Drysdale, as president of “ Polity ”, the student governing body of the university, and the plaintiff Richard Hartman seek an order directing the defendants to return an automobile owned by Hartman, pending resolution of the action, and preliminarily enjoining the defendants from impounding and retaining possession of any cars owned by students at the State University of Stony Brook for failure to pay parking summonses for violation of university parking regulations.
Following commencement of the action and service of the order to show cause initiating the application for a temporary injunction, Hartman’s vehicle was returned to him in accordance with a stipulation entered into between the parties. Accordingly, that part of the relief sought is not before the court.
The plaintiffs contend that the parking regulations adopted and the directions promulgated to enforce the regulations are invalid and ineffective upon the grounds: (1) that the regulations were not filed in the office of the Department of State of the State of New York; (2) that paragraph g of subdivision 4 of section 356 of the Education Law is an unconstitutional delegation of legislative power to the Council of the New York State University at Stony Brook; (3) that the paragraph, designed to regulate and govern the conduct and behavior of students at the university, furnishes no guidelines establishing the conduct or behavior of the students either permitted or banned; and (4) that the parking regulations were not passed by the Council of the New York State University at Stony Brook, but were *182 promulgated by executive direction of the University President, John Toll.
Paragraphs c, g and k of subdivision 4 of section 356 of the Education Law provides “ Subject to the general management, supervision, control and approval of, and in accordance with rules established by the state university trustees, the council of each state-operated institution shall, with respect to the institution or institutions for which it serves, exercise the following powers: * * *
“ c. Make regulations governing the care, custody and management of lands, grounds, buildings and equipment. * * *
“ g. Make regulations governing the conduct and behavior of students. * # *
‘ ‘ k. Make and establish, and from time to time alter and amend, such regulations pertaining to the affairs of its institution, not inconsistent with law or the rules of the state university trustees, as may be necessary or appropriate to carry out effectively the foregoing powers and duties.”
The parking of automobiles or other motor vehicles on university grounds by students constitutes student conduct. The adoption of rules by the University Council regulating such conduct is authorized by paragraph g of subdivision 4 of section 356 of the Education Law. The designation of areas on university grounds where parking is permitted and prohibited constitutes management of university lands and grounds and designation of such areas by the University Council is authorized by paragraph c of subdivision 4 of section 356 of the Education Law. The promulgation of regulations by the University Council for the enforcement of rules adopted to govern student conduct and to manage university lands and grounds is authorized by paragraph k of subdivision 4 of section 356 of the Education Law.
The contention of plaintiffs that the regulations promulgated required filing with the Department of State to become effective is without merit. In a recent decision (Matter of Schuyler v. State Univ. of N. Y. at Albany, 31 A D 2d 273, 276) the court ruled that regulations governing the conduct and behavior of students in a State University relate to the ‘ ‘1 internal management ’ of the University, are confined to the University, affect only the students therein and do not affect the public in general or ‘ govern the conduct of and impose burdens ’ on the general public [citing cases] and, therefore, were not ineffective even if unfiled.”
The Schuyler decision establishes the constitutionality and the sufficiency of the statutory delegation by the Legislature to *183 the University Council of authority to promulgate regulations governing student conduct and behavior as well as the care, custody and management of the grounds and lands of the university under the provisions of section 356 of the Education Law.
This court in the instant application has expressed its opinion that 'designation of permissive and restricted parking areas constitutes management of university grounds and lands. To rule' that the delegation by the Legislature to the University Council to adopt the regulations herein challenged is constitutional, are not required to be filed with the Department of State to become effective, and in the same decision to hold that the university is without authority to enforce the regulations, would be absurd.
The papers before the court submitted in opposition to plaintiffs’ application are persuasive that the regulations challenged were adopted by the University Council after hearings attended by the Traffic Police Committee, the Traffic Appeals Board and the Committee on Operations and Safety and that all of these boards had adequate student representation. The contentions urged by plaintiffs that lack of student representation and participation in the discussions culminating in the adoption of the regulations and that they were promulgated by executive direction of the University President constitute grounds for granting the relief sought on plaintiffs’ application are rejected by this court.
The regulations challenged are before the court. It is to be noted, however, that nowhere in the regulations adopted is authority conferred to impound motor vehicles parked in violation of the regulations and retain their possession pending payment of fines or penalties imposed for past violations of the regulations. They do provide for the towage of vehicles so parked and a requirement that payment of the tow charges as a condition for the release of the vehicle.
The plaintiffs ’ application is granted to the extent of restraining university officials, agents or employees from impounding motor vehicles and retaining possession of such vehicles pending payment of penalties imposed for past violations. The relief granted is confined solely to the retention of motor vehicles by university officers, agents or employees until the payment of past due fines. It is not to be interpreted as prohibiting university officials, agents or employees from towing cars in violation of parking regulations and retaining their possession until the towing charges are paid.