Theodore Velsor, J.
This matter brought by five students at Adelphi University came on by order to show cause wherein they seek from this court an order directing the university *229 through its president and other officers in charge to reopen the university and permit continuation of studies, etc.
Following the entry of the United States forces into Cambodia and the Kent State University tragedy, the university took certain action. On May 5, 1970, a resolution was adopted by the full-time faculty of Adelphi University urging the university’s administrative officials to ‘1 cancel all classes till such time as in the judgment of this faculty the appropriate administration for growth and learning is reestablished. ’ ’
Following the adoption of such faculty resolution by a vote of 146 to 52, consultations were had among the senior university officials, the deans of the several colleges and schools and the dean of students, to make a determination with respect to action on the aforesaid resolution.
On May 6, 1970 the president of the university, “ giving high priority to consideration for the continuance of the personal safety of faculty and students on this campus and for the protection of the physical plant ”, issued an announcement canceling all classes until further notice. A similar notice dated the same day was issued by the vice-president for academic affairs.
On May 9, 1970 the university’s board of trustees held a special meeting and agreed that, while an open campus would be maintained, classes would only be resumed when the president, chairman of the board of trustees, and chairman of the faculty-student senate determined that appropriate conditions were established for safeguarding the persons of the faculty and students, as well as the physical plant.
On Monday, May 11, 1970 the university faculty held a meeting and adopted resolutions providing for the resumption of classes and the grading of students under the special circumstances. On said date the president ordered and announced the resumption of classes effective beginning with the evening classes of May 11, 1970.
On May 7, 1970 the plaintiffs in their own behalf secured the subject order to show cause returnable May 8, 1970 before this court for a mandatory injunction addressed to the university and its president seeking a full reopening of classes based upon their alleged contractual rights as paying students. Nothing less than a full resumption of university activity is demanded.
It should be noted that the plaintiffs sue in their own names. It does not appear, nor does this court question at this time for the purposes of this decision, the rights of the plaintiffs, who may be infants, to bring this proceeding. Assuming that the plaintiffs are at least 21 years old and assuming that they have, although this court has grave doubts, properly pleaded a class *230 action as well as one in their individual capacity (CPLR 1005, subd. [a]; cf. Gaynor v. Rockefeller, 15 N Y 2d 120), this court finds that the plaintiffs are not entitled to the drastic temporary relief sought by this application.
Under the statute applicable to private education institutions, such as Adelphi University (Education Law, § 226, subd. 6), the board of trustees is empowered to “ use # * # its property as they shall deem for the best interests of the institution ”; and further (subd. 10), to “ make all * * * rules necessary and proper for the purposes of the institution and not inconsistent with law or any rule of the university ”.
This court takes judicial notice of the prevailing atmosphere of unrest, and even violence in some instances, which pervades the patterns of college and university life in these times. This court also finds plausible and reasonable the statement of the university’s president that the cessation of classes, for even the short time involved, was solely to maintain the safety of all persons on the campus and for the safeguard of the university property.
Indeed, the standard of care, in the exercise of their duties and prerogatives, as is given to the trustees of a public institution in respect to danger to the safety and welfare of their charges, both human and property, is equally applicable to the defendants (52 N. Y. Jur., Schools, Colleges, etc., §§ 804 and 805; cf. Education Law, § 355, subd. 2, par. c; § 356, subd. 4, pars, c, g and h; see, also, Matter of Schuyler v. State Univ. of N. Y., 31 A D 2d 273, 275; Drysdale v. University of State of N. Y., 60 Misc 2d 180).
This court does not equate the precautionary measures taken by the defendants with arbitrary or capricious conduct so as to invoke the drastic remedy sought here.
A mandatory injunction of the type petitioned for here is rarely granted (12 Carmody-Wait 2d, Injunctions, § 78:24, and cases therein cited). It is the general rule that the relief requested on this application must be based upon such an indisputably clear showing of a factual pattern that to deny it would be captious or unconscionable — circumstances which are totally deficient on the papers before this court.
It appears to this court that, under the unique and trying circumstances, the defendants acted in good faith, with their judgment being directed by a primary concern for preservation of life _and property, which was not only their right but their duty. The burden to show that their acts were capricious and illegal has not been met by the plaintiffs. Application denied,