Robert J. Rossi, Esq. County Attorney, Onondaga
You ask whether a community college may adopt rules regulating traffic and parking on campus grounds, and if so, whether such rules may provide for the towing of vehicles and/or the assessment of fines for violations.
There is no express authority for community colleges to regulate parking and traffic on campus grounds. Education Law, § 362, to which you refer in your letter, authorizes the Board of Trustees of the State University, with respect to the "property, roads, streets, and highways under the supervision and control of the state university", to adopt and make applicable to any of its campuses any provision of the Vehicle and Traffic Law (Education Law, § 362[1][a]), including such provisions as local authorities are permitted to adopt under that statute (id., § 362[1][b]), or to adopt and enforce campus rules relating to parking, vehicular and pedestrian traffic, and safety not inconsistent with the Vehicle and Traffic Law (id., § 362[1][c]). The property of university campuses is under the jurisdiction of the State University Board of Trustees (Education Law, § 355[2][a], [c]). The lands, grounds, buildings and equipment of each state-operated campus of the State University are under the care, custody, and management of the State University Councils, subject to the general jurisdiction of the Board of Trustees (id., § 356 [4][c]).
The property of a community college, on the other hand, is under the jurisdiction of the board of trustees and local sponsor of the college (id., § 6306[4], [5]). Education Law, § 6306(5) provides that the board of trustees of the community college has the care, custody, control and management of the lands, grounds, buildings, facilities and equipment of the college (id., § 6306[5]). The board of trustees of a community college is composed of ten members, five of whom are appointed by the local legislative body, four by the governor from among persons residing in the sponsoring community, and one student member selected by the students (id., § 6306[1]). The local sponsor of the community college, which is generally the county, holds title to the real property of the college in trust for the college (id., § 6306[4]. This leads us to the conclusion that section 362, in referring to "property under the supervision and control of the state university", is not applicable to community colleges.
As noted earlier, the board of trustees of a community college is charged with the care, custody, control and management of the lands, grounds, buildings and facilities used for college purposes (id., § 6306[5]). Additionally, the board is required to adopt and enforce rules and regulations governing conduct and public order on campuses and other college property (id., § 6450[1]). The statute provides that such rules shall govern the conduct of students, faculty and other staff as well as visitors and other licensees and invitees on the campus and such other property (ibid.).
In construing analogous provisions applicable to the State University Councils (Education Law, § 356[4][c], [g] and [k]), the court in Drysdale v University of State of New York, 60 Misc.2d 180 (Sup Ct, Suffolk Co, 1969) upheld the authority of the Councils to adopt and enforce campus parking regulations. This case was decided prior to the enactment of Education Law, § 362. In Drysdale the court held that the power to manage university grounds and regulate student conduct conferred by section 356(4)(c), (g) and (k) implicitly authorized the University Councils to designate parking areas on campus grounds and regulate parking in such areas, including by means of towing away vehicles illegally parked and requiring payment of the towing charge as a condition for the release of the vehicle. In reaching this conclusion, the court reasoned that the parking of motor vehicles on university grounds by students constitutes student conduct and that the designation of parking areas constitutes management of university grounds and lands (id., at 182). The charges exacted under the regulations approved inDrysdale were related to necessary administrative cost, i.e., the towing charges (id., at 183; see, 1974 Op Atty Gen 41).
Education Law, § 362, in part, codified the rule of theDrysdale case authorizing the adoption of campus parking regulations and added authority for the State University to adopt and enforce provisions of the Vehicle and Traffic Law (L 1972, ch 148; Sponsor's Memorandum dated March 31, 1972 in relation to Assembly Int 9544, later enacted as chapter 148 of the Laws of 1972, the present Education Law, § 362). It was intended to supplement the rule-making authority which the trustees already had and upon which the court in Drysdale based its decision (see, Memorandum to Governor from Attorney General Louis J. Lefkowitz dated April 13, 1972 in relation to Assembly Int 9544, supra). With respect to campus traffic regulations, section 362 specifically provides that such regulations may include provisions for the towing of vehicles parked in violation thereof at the owner's expense and the assessment of administrative fines, after a hearing or an opportunity to be heard, for each violation (Education Law, § 362[1][c]). Notice of all such campus rules must be given by filing in a designated campus office (ibid.).
We believe that under its authority to manage college lands and facilities (id., § 6306[5]) and regulate conduct on campus (id.,
§ 6450[1]), a community college may designate parking areas on campus and regulate parking in such areas, including by means of towing away vehicles illegally parked and the assessment of administrative costs related to towing charges for each violation (Drysdale v University ofState of New York, supra). See, also, 1955 Op Atty Gen 242, in which we noted the authority of an educational institution, whether privately or government owned, to require its students to register their motor vehicles and pay a registration fee. In our opinion, however, such regulations should include standards to insure due process of law (ibid.; see, Education Law, § 362[1][c]; 1974 Op Atty Gen 41).
To the foregoing conclusion we add the qualification that a community college does not have the authority to regulate parking or traffic on public highways located on campus grounds. Vehicle and Traffic Law, §1604 prohibits local regulation of parking and traffic on "public highways" except as expressly authorized in that statute. There is no provision in the Vehicle and Traffic Law authorizing community colleges to regulate parking and traffic on "public highways". The term "public highway" is defined as any "highway, road, street, avenue, alley, public place, public driveway or any other public way" (Vehicle and Traffic Law, § 134).* The test as to whether a way is a public highway is whether the public has a general right of passage (People v County ofWestchester, 282 N.Y. 224 [1940]; People v Thew, 44 N.Y.2d 681 [1978]). At the time of the enactment of Education Law, § 362, this office pointed out that roadways on State University grounds are public highways subject to the provisions of the Vehicle and Traffic Law (Memorandum of Attorney General, supra). Additionally, we had previously concluded that roads on State-owned hospital grounds (1941 Op Atty Gen 321) and State fair grounds (1942 Op Atty Gen 190) are "public highways" under the Vehicle and Traffic Law. We based these conclusions upon the fact that these roads are generally open to the public without restriction and that vehicles can lawfully be operated by the public upon such roads (ibid.; 1942 Op Atty Gen, supra; Memorandum of Attorney General, supra).
It is our understanding that community college roads are generally open to the public without restriction and are areas over which the public has a general right of passage. We believe, therefore, that campus roads on community college grounds are public highways subject to regulation under the Vehicle and Traffic Law (People v County of Westchester, supra). The regulation of parking and traffic on such highways located on community college grounds is the responsibility of the municipality vested with jurisdiction under the Vehicle and Traffic Law (see, Vehicle and Traffic Law, §§ 1640, 1650, 1660).
We conclude that there is no authority for the board of trustees of a community college to regulate parking and traffic on public highways located on campus grounds. The board may, however, designate parking areas on campus and adopt parking regulations applicable in such areas which may include provisions for towing away vehicles illegally parked and the assessment of related towing charges for each violation.
* While this is a broad definition, we do not believe that it extends to parking areas or parking fields on community college lands which have been designated by the board of trustees as an incident of its power to manage college lands and buildings and regulate conduct on campus. See,People v Kraushaar, 195 Misc. 487, 89 N.Y.S.2d (Dist Ct, Nassau Co, 1949) and People v Gilbert, 137 N.Y.S.2d 389 (Westchester Co. Ct, 1954), each of which held that a village parking lot established on village lands was not a public street or highway under the Vehicle and Traffic Law.