KOWALCZUK, Appellant, v. ROTTER, Individually and d/b/a Curley's Tavern, Respondent.

*No. 37. Submitted under sec. (Rule) 251.54 April 3, 1974.—*
*Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 332.)

512

The cause was submitted for the appellant on the brief of *Edward P. Rudolph* of Milwaukee, and for the respondent on the brief of *Kluwin, Dunphy, Hankin & McNulty* of Milwaukee.

WILKIE, J. The sole issue raised on this appeal is whether there was sufficient evidence to make out a prima facie case against defendant tavern owner for the negligent failure of his employees to protect the plaintiff patron.

In granting the motion for nonsuit, the trial court stated:

"There is no evidence of any kind in this record that Mr. Rotter is an insurer of the patrons of his establishment. There is no establishment that he knew of any propensities of any of the patrons or that he had any obligation to protect these people unless he did know of some prior condition existed in this tavern."

This case is controlled by *Weihert v. Piccione.*[1] *Weihert* laid down the rule that the proprietor of a place of business who holds it out to the public for

[1] (1956), 273 Wis. 448, 78 N. W. 2d 757.

entry for his business purposes is liable to members of the public while on the premises for such purpose for harm caused by the accidental negligence or intentional acts of third persons, if the proprietor by the exercise of reasonable care could have discovered that such acts were being done or were about to be done and could have protected the members of the public by controlling the conduct of the third persons, or by giving a warning adequate to enable them to avoid harm. The rule of the *Weihert Case* is now contained in Wisconsin Jury Instruction—Civil, 1374.

When the foregoing rule is applied to the facts in this case, viewed in the light most favorable to the plaintiff, the judgment of nonsuit cannot be affirmed. The plaintiff was in the tavern for the business purposes of the owner. He had ordered a beer. He was attacked while at the bar in the presence of a bartender. He was later discovered by a policeman, in a cruising squad car, being beaten by three people on a sidewalk near the tavern. The owner had instructed his employees to call the police in case of trouble, but there is no evidence that they did so. Under *Weihert* the tavern employees had a duty, when they became aware of the attack, to use such means of protection of the plaintiff as were available. While there is no evidence showing that the employees could have anticipated the attack, once the attack was made it was their obligation to protect the plaintiff from any further injury, if the means were reasonably available to them. The trier of fact could have concluded from the plaintiff's evidence that a telephone call to the police would have deterred the plaintiff's attackers.

As the trial court correctly observed, the plaintiff's credibility was not an issue on the motion for nonsuit. We conclude the plaintiff's evidence established a prima facie case as to liability, and the motion for nonsuit should not have been granted.

*By the Court.*—Judgment reversed.