ALONGE, and others, Plaintiffs-Respondents, v. ROD-RIQUEZ, and others, Defendants-Respondents: KIWANIS CLUB OF BAY VIEW-MILWAUKEE, INC., and another, Defendants and Third-Party Plaintiffs-Appellants: SAMPSON ENTERPRISES, INC., and another, Third-Party Defendants-Respondents.

Supreme Court

*No. 76–497. Submitted on briefs February 28, 1979.—Decided May, 30, 1979.*
(Also reported in 279 N.W.2d 207.)

For the appellants the cause was submitted on the briefs of *Kluwin, Dunphy, Hankin & McNulty* of Milwaukee.

For the third-party defendants-respondents the cause was submitted on the brief of *Kenton E. Kilmer, Gregory J. Cook* and *Kasdorf, Dall, Lewis & Swietlik* of Milwaukee.

DAY, J.   This is an appeal from a judgment entered pursuant to an order of the Circuit Court for Milwaukee County, granting the motion of Sampson Enterprises, Inc. and Red Carpet Inn, Inc. (hereafter collectively referred to as Red Carpet), for summary judgment and dismissing the third-party complaint of Kiwanis Club of Bay View-Milwaukee, Inc. and United States Fidelity and Guaranty Company (hereafter referred to collectively as Kiwanis).

The action by Kiwanis is for contribution in the event that Kiwanis is found liable in damages in the principal action brought by the plaintiff, Anthony C. Alonge, et. al. Kiwanis brought its action for contribution from Red Carpet in June, 1976. Red Carpet answered on September 16, 1976 and gave notice of motion for summary judgment on September 22, 1976. On October 15, 1976, Kiwanis filed an opposing affidavit alleging insufficient knowledge of facts peculiarly within the knowledge of Red Carpet and requesting continuance of the motion in order to permit discovery. The trial court heard arguments on the motion on October 25, 1976, and granted Red Carpet's motion for summary judgment on November 29th, 1976 and judgment was entered on December 6th of that same year.

The questions on appeal are: (1) Whether the complaint of the third-party plaintiff, Kiwanis, stated a cause of action. We conclude that it did; (2) Whether there were issues of material fact which made it improper for

the trial court to grant the motion for summary judgment. We conclude that such fact questions did exist and the motion therefore should not have been granted. Another issue raised by Kiwanis is whether or not the trial court abused its discretion in failing to grant Kiwanis time for discovery examination prior to considering the motion for summary judgment. In view of our holding that the complaint states a cause of action and that summary judgment was improper, we do not reach this last issue, since it may be assumed that upon remand, Kiwanis will be given a reasonable time in which to conduct such discovery examination.

The facts as set forth in the pleadings and affidavits of the parties allege that Kiwanis sponsored a post-prom party for Bay View High high school students on May 11, 1974 at the Red Carpet Inn, 4747 South Howell Avenue, Milwaukee, Wisconsin. The premises are owned and controlled by Sampson Enterprises, Inc., a foreign corporation. Sampson in turn rents them to Red Carpet Inn, Inc., which in turn rents a portion of the premises to Red Carpet Lounge, Inc. According to the affidavit of Mr. B. J. Sampson, on the 11th day of May, 1974, "the Red Carpet Inn was operating and dispensing intoxicating liquors and fermented malt beverages on its premises pursuant to the laws of this state . . ."

The plaintiff in the primary action, Anthony Alonge, and the defendant, John Rodriquez were both minors and students at Bay View High School, and attended the post-prom party. Alonge alleges that Rodriquez had been drinking alcoholic beverages, became belligerent and violent and either intentionally or negligently struck the plaintiff in the face with a drinking glass resulting in the permanent loss of sight in Alonge's right eye and other injuries. Alonge also brought action against the Kiwanis for negligence in failing to adequately supervise the party and for failing to prevent minors attending the party from possessing and consuming alcoholic beverages.

Kiwanis started a third-party action against Red Carpet for contribution. In its complaint, Kiwanis alleges in part as follows:

"4. That, upon information and belief, at the time and place alleged in the plaintiffs' Complaint and prior to the occurrence which is alleged to have caused the plaintiffs' injuries and damages, an agent and employee of said third-party defendants, while in the course of his employment as a bartender at the RED CARPET INN, sold an alcoholic beverage to the minor defendant, JOHN RODRIQUEZ, in violation of Section 176.30 of the Wisconsin Statutes; that said agent and employee supplied the alcoholic beverage in a glass container; and that said agent permitted the defendant, JOHN RODRIQUEZ, to take the alcoholic beverage out of bar area.

"5. That said agent and employee of the third-party defendant was negligent in selling the alcoholic beverage to the defendant, JOHN RODRIQUEZ, in supplying the same in a glass container, and in permitting said defendant to take the alcoholic beverage and container out of the bar area under circumstances which he knew or should have known, presented an unreasonable risk of harm to others.

"6. That the above described negligent conduct on the part of the agent and employee of the third-party defendants was the proximate cause of the alleged injuries and damages, if any, sustained by the plaintiffs herein."

Red Carpet answered denying sufficient information upon which to form a belief as to whether the factual allegations alleged to be negligent were true and further answering that, if true, such acts did not constitute negligence and asked for dismissal of the complaint.

Red Carpet then moved for summary judgment "on the grounds that there is no genuine issue as to any material fact thereto and that the third-party defendants are entitled to such dismissal as a matter of law. Further said third-party defendants will move for an order dismissing the third-party complaint on its merits . . ."

The attorney for Kiwanis filed an affidavit pursuant to sec. 802.08(4), Stats. 1975[1] stating that they had insufficient facts to file an opposing affidavit to the motion for summary judgment. Kiwanis' attorney's affidavit asserted that they had made diligent efforts to obtain information on the conduct of the Red Carpet bartender on the night of the party but that the information was in the control of Red Carpet. Kiwanis requested a continuance in order to conduct discovery. The trial court granted Red Carpet's motion for summary judgment but never specifically ruled on the Kiwanis motion for continuance.

The initial question on this appeal is whether or not the Kiwanis complaint states a cause of action. This court said in *Marshall v. Miles,* 54 Wis.2d, 155, 160, 194 N.W.2d 630 (1972), "The summary judgment procedure initially requires an examination of the pleadings to determine whether a cause of action has been stated and whether material issues of fact are presented . . ." Kiwanis argues that its complaint sets forth a common law cause of action based on the duty of a tavernkeeper to protect a patron against injury by another patron while on the premises. Kiwanis argues that Red Carpet breached that duty by selling an alcoholic beverage to a minor, selling it in a glass container and allowing the minor to take the drink from the bar area. The principal allegation in connection therewith is the statement that it was done "under circumstances which he (bartender)

---

[1] "802.08  **Summary judgment.** . . . (4) WHEN AFFIDAVITS UNAVAILABLE. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the motion for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just."

knew or should have known presented an unreasonable risk of harm to others." This type of cause of action was recognized in *Weihert v. Piccione,* 273 Wis. 448, 78 N.W.2d 757 (1956), and later dealt with more fully in *Kowalczuk v. Rotter,* 63 Wis.2d 511, 217 N.W.2d 332 (1974):

". . . [t]he proprietor of a place of business who holds it out to the public for entry for his business purposes is liable to members of the public while on the premises for such purpose for harm caused by the accidental negligence or intentional acts of third-persons, if the proprietor by the exercise of reasonable care could have discovered that such acts were being done and could have protected the members of the public by controlling the conduct of the third persons, or by giving a warning adequate to enable them to avoid harm. The rule of the *Weihert* Case is now contained in Wisconsin Jury Instruction—Civil, [1027.5]." *Id.* at 513–514.

In *Weihert, supra,* a fight occurred in the dining room of a restaurant and the plaintiff was injured by another patron. The evidence showed that the proprietor was in the kitchen cooking at the time of the fight. Liability was not extended since the plaintiff failed to show the defendant had any notice or knowledge of the altercation.

In *Kowalczuk, supra,* the evidence showed that the attack on the plaintiff patron by other patrons took place in the presence of the bartender who failed to call the police. This Court held that although the employees may not have been able to anticipate the attack, they were still under an obligation to protect the plaintiff by reasonable means once they became aware of the attack.

The proprietor's duty to protect patrons is not limited solely to specific instances of fights or assaults. Wis. Jury Instruction—Civil, 1027.5 contains the following:

"[If the nature of the particular business is such that the proprietor should expect a risk of harm to patrons by third persons, then he is under a duty to employ a rea-

sonably sufficient number of employees to afford a reasonable protection.]

"[When one assembles a crowd or a large number of people upon his property for purposes of financial gain to himself, he assumes the responsibility of using ordinary care to protect the individuals from injury from causes reasonably to be anticipated. In the exercise of this duty, it is incumbent upon him to furnish a sufficient number of guards or attendants and to take other necessary precautions to control the actions of the crowd.]"

The duty to protect customers in amusement facilities has been recognized in Wisconsin. *Emerson v. Riverview Rink & Ballroom*, 233 Wis. 595, 230 N.W. 129 (1940), *Pfeifer v. Standard Gateway Theater, Inc.*, 259 Wis. 333, 48 N.W.2d 505 (1951); 4 Wis.2d 168, 89 N.W.2d 505 (1951).

The reason behind the doctrine is explained in Restatement of the Law, *Torts*, Second §344, Comment f:

"[The proprietor] . . . may know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."

The duty with respect to a tavernkeeper is set forth in 45 Am. Jur.2d, Intoxicating Liquors, §557, in part as follows:

"§557. *Duty And Liability To Patron On Premises.* . . . It is the policy of the law to protect the public from the social consequences of intoxicating liquor, and the proprietor of a liquor establishment who, for profit, permits crowds to gather upon his premises, must recognize

the risks which flow from the nature of the business. A guest or patron of such an establishment has a right to rely on the belief that he is in an orderly house and that its proprietor, personally or by his delegated representative, is exercising reasonable care to the end that the doings in the house shall be orderly. . . ."

Red Carpet had the responsibility of using ordinary care to protect Alonge from injury from causes reasonably to be anticipated. The allegations in the third-party complaint are sufficient at the pleading stage to raise that issue. Under the rules of notice pleading under sec. 802.02(1), Stats. 1975, the standards for pleading are set forth:

"802.02. **General rules of pleading.** (1) CLAIMS FOR RELIEF. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (a) a short and plain statement of the claim, identifying the transaction, occurrence or event out of which the claim arises and showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which the pleader deems to be entitled. Relief in the alternative or of several different types may be demanded."

"Sub. (1) does away with the "ultimate fact" pleading rule of s. 263.03 and adopts the pleading philosophy of the Federal Rules of Civil Procedure. Under that philosophy the complaint must still show a justifiable claim for relief; it must still contain a statement of the general factual circumstances in support of the claim presented. However, in general, it may be said that less particularity is required under this statute than is required under s. 263.03. Hence, the motion to make more definite will be less frequently granted. Special rules of pleading for real property actions are contained in ss. 841.02, 842.05, 843.03 and 844.16." Judicial Council Committee's Note —1974.

A complaint must be given a liberal construction in favor of stating a cause of action. *Armes v. Kenosha County,* 81 Wis.2d 309, 314, 250 N.W.2d 515 (1977).

The second question is whether there was a genuine issue of material fact which made it improper for the trial court to grant Red Carpet's motion for summary judgment.

In *Wright v. Hasley*, 86 Wis.2d 572, 273 N.W.2d 319 (1979), this court said:

"In view of the changed language of the summary judgment rule, we can, as a general proposition, no longer accord the trial court wide latitude in deciding to grant or deny summary judgment."

Under the mandatory language of the new rule, sec. 802.08(2), Stats. 1975,[2] we proceed here to review the trial court's decision on granting or denying the motion using the standards and methods set forth in the new rule. A party opposing summary judgment defeats the motion if he shows by affidavits or other proof that there are substantial issues of fact or reasonable inferences which can be drawn from the evidence. The court does not try the issues but decides on summary judgement, whether there is a substantial issue to be tried.

Here, the allegation of negligence, which we have held to be sufficient, has been made by Kiwanis. Red Carpet in its answer and accompanying affidavits to its motion has denied sufficient information on which to form a belief as to whether the allegations of the acts alleged to constitute the negligence took place and then has proceeded to take the position that even if they had taken place

[2] "802.08 **Summary judgment.** . . . (2) Motion. The motion shall be served at least 20 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

they did not constitute a cause of action. This, of course, puts the question as to whether or not the acts did take place at issue. The affidavits of Red Carpet do not deny or rebut the allegations of negligence but only the legal effect.

In *Marshall, supra,* at 54 Wis.2d 160, this court stated: "Assuming a cause of action and the existence of factual issues, an examination is then made of the moving party's (defendant's) affidavits and other proof to determine whether a prima facie defense has been established . . ."

The affidavits of Red Carpet only raise the legal issue of whether the complaint states a cause of action. In view of our holding that the complaint states a cause of action, the motion for summary judgment should have been denied.

The last issue raised by Kiwanis is the question of whether or not the trial court abused its discretion in denying Kiwanis' motion for continuance in order to permit discovery. In view of our holding that this case must be reversed and remanded we do not reach this last issue as we assume that upon remittitur Kiwanis will be given a reasonable time in which to conduct discovery.

*By the Court.*—Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.