Jean P. BEYAK, Plaintiff-Appellant,

v.

NORTH CENTRAL FOOD SYSTEMS, INC., Maryland Casualty Company and James Phillips, Defendants-Respondents.

Court of Appeals

*No. 97–1221–FT. Submitted on briefs September 12, 1997.—Decided November 4, 1997.*

(Also reported in 571 N.W.2d 912.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Brad S. Swanson* of *Marcovich, Cochrane & Milliken* of Superior.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Robin C. Merritt* of *Hanft, Fride, O'Brien, Harries, Swelbar & Burns, P.A.* of Duluth, Minn.

Before Cane, P.J., Myse, and Hoover, JJ.

HOOVER, J.   Jean Beyak appeals a judgment dismissing his negligence claim against North Central Food Systems, Inc. (Hardees).[1] On appeal, Beyak asserts that the trial court erred by granting summary judgment because a genuine issue of material fact existed as to whether Hardees breached its duty to protect its patrons from negligent or intentional actions of third parties. We agree and therefore reverse and remand.

On February 1, 1993, Beyak arrived at Hardees with two friends sometime between 1 a.m. and 1:30 a.m. During dinner, Beyak left his table to use the bathroom. As he approached the bathroom, he noticed an argument involving a few people start in Hardees' entrance. When he exited the bathroom the argument had escalated into a "scrape" between four or five people. According to Beyak, the "scrape" involved swinging, punching, yelling, pushing, people lying on the floor, and a big group of people fighting. Unable to return to his table or exit the restaurant because of the fighting, Beyak waited against a back wall. A uni-

---

[1] This is an expedited appeal under RULE 809.17, STATS.

formed security guard emerged and, according to Beyak, told everyone to "take this outside" or words to that effect.

After finishing his meal, Beyak exited Hardees at the entrance where the altercation occurred. About halfway across the parking lot, he noticed one person repeatedly punching another who was not fighting back. Beyak observed the first person continue to strike the second, whom he said appeared "defenseless." Beyak subsequently went behind the person throwing the punches, grabbed his arms, and prevented him from striking the other person. Thereafter, Beyak was "clotheslined" from behind when another person put his arms around Beyak's neck and pulled back forcefully.

The security guard summoned the police after the initial altercation inside. They did not arrive until sometime after Beyak was attacked. Twenty to twenty-five minutes elapsed between the time the security guard ordered everyone outside Hardees and the time police arrived. Beyak did not see the security guard during the incident outside. Afterwards, he went back inside Hardees and noticed an abrasion on his elbow and pain in his shoulder. He could not lift his shoulder that night after the incident. Beyak has continued to have pain in his left shoulder, which affects his ability to stock shelves at his job as a salesperson at Sears.

Upon Hardees' motion for summary judgment, the trial court concluded that a restaurant is not obligated to guarantee a plaintiff's safety when he voluntarily injects himself into a fight. It therefore concluded that because the facts were undisputed, summary judgment was appropriate as a matter of law. On appeal, Beyak asserts that the court erred by granting summary judgment because there was a genuine issue of material

fact as to whether Hardees breached its duty to protect Beyak from the negligent or intentional acts of third persons.

The principles by which this court is guided in reviewing summary judgment are well settled. We apply the summary judgment standard set forth in § 802.08(2), STATS., in the same manner as the circuit court. *Kreinz v. NDII Secs. Corp.*, 138 Wis. 2d 204, 209, 406 N.W.2d 164, 166 (Ct. App. 1987). Summary judgment is appropriate when material facts are undisputed and when inferences that may be reasonably drawn from the facts are not doubtful and lead only to one conclusion. *Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 477 (1980). Doubts as to the existence of a genuine issue of material fact should be resolved against the moving party for summary judgment. *Garrett v. City of New Berlin*, 122 Wis. 2d 223, 228, 362 N.W.2d 137, 140 (1985).

It is undisputed that Hardees owed a duty of care to Beyak, a patron. The common law duty to protect patrons from negligent and intentional acts of third persons was established in *Kowalczuk v. Rotter*, 63 Wis. 2d 511, 513–14, 217 N.W.2d 332, 333 (1974):

> [T]he proprietor of a place of business who holds it out to the public for entry for his business purposes is liable to members of the public while on the premises for such purpose for harm caused by the accidental negligence or intentional acts of third persons, if the proprietor by the exercise of reasonable care could have discovered that such acts were being done or were about to be done and could have protected the members of the public by controlling

the conduct of the third persons, or by giving a
warning adequate to enable them to avoid harm.

Thus, while not an *insurer* of a patron's safety against
injuries inflicted by other patrons on the premises, a
restaurant owes a duty of ordinary care to patrons. *See*
WIS J I—CIVIL 8045.

We conclude that granting summary judgment to
Hardees was inappropriate. Summary judgment is
rarely appropriate in negligence cases. *Griebler v.
Doughboy Recreational*, 152 Wis. 2d 622, 626, 449
N.W.2d 61, 64 (Ct. App. 1989). A jury could conclude
from Beyak's description of events that what he did in
order to prevent serious bodily harm to another was
reasonable. The reasonableness of his intervention is
an issue of material fact. Further, the facts permit a
reasonable inference that the security guard failed to
properly discharge his duty of ordinary care and that,
but for such failure, Beyak's intervention into the fight
would have been unnecessary. Hardees argues that
Beyak presented no evidence demonstrating that the
second affray was in any way related to the first. How-
ever, the facts permit a rational inference that the
second incident was not unexpected or sudden, but
rather directly related to the first and one that the
security guard could reasonably foresee by telling the
participants to take the matter outside. In addition, the
security guard's apparent disappearance for twenty to
twenty-five minutes after the first fight allows an infer-
ence of a possible breach of care. Further, such a breach
may also arise from the guard's failure to take steps to
assure that the combatants were off Hardees' property
altogether so as not to present a danger to patrons
coming and going through the parking lot. These
deductions are reasonable, do not lead only to the con-
clusion that Beyak was more negligent than Hardees

as a matter of law and, therefore, are matters for jury resolution.

Finally, Hardees does not provide, and this court has not found, a case supporting the proposition that anyone who intentionally intervenes in a fight is, as a matter of law, more negligent than any other party. We conclude that whether Beyak's negligence, if any, exceeded that of Hardees' is a question of fact for the jury. *See Stewart v. Wulf*, 85 Wis. 2d 461, 471, 271 N.W.2d 79, 84 (1978). Therefore, summary judgment is precluded.

■

In sum, this court believes that a reasonable person could conclude that the security guard breached the duty of ordinary care to patrons by telling fighting parties to take their argument outside and by apparently disappearing for twenty to twenty-five minutes. Thus, there was a material issue of fact as to whether the security guard exercised ordinary care toward Hardees' patrons. Therefore, summary judgment was inappropriate.

*By the Court.*—Judgment reversed and cause remanded.